**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JONATHAN CHARLTON,<br>        Plaintiff, | |
| v. | No. 3:23-cv-552 (VAB) |
| JOHN DOE,<br>         Defendant. | |

**INITIAL REVIEW ORDER**

Jonathan Charlton ("Plaintiff"), currently confined at Bridgeport Correctional Center in Bridgeport, Connecticut, has filed a Complaint *pro se* under 42 U.S.C. § 1983. Mr. Charlton names only one Defendant, Connecticut State Trooper John Doe ("Trooper Doe"). He asserts a claim for use of excessive force but does not specify any relief.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a government entity or officer or employee of a government entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b).

The Court has thoroughly reviewed all factual allegations in this Complaint and conducted an initial review of the allegations therein under 28 U.S.C. § 1915A.

Based on this initial review, Mr. Charlton's excessive force claim may proceed. Because, however, the Complaint fails to identify the Defendant, Trooper Doe, specifically, and Mr. Charlton now claims to have this person's identity, this case only will proceed if Mr. Charlton files an Amended Complaint, containing the name and current work address of Trooper Doe. The

Amended Complaint will replace the current Complaint and, therefore, must include a description of the facts and all of Mr. Charlton's claims against Trooper Doe.

Mr. Charlton must file this Amended Complaint by **July 7, 2023**, or this case may be dismissed.

## I.       BACKGROUND

On January 21 or 22, 2020, a Connecticut State Trooper allegedly assaulted Mr. Charlton by punching him repeatedly in the abdomen and striking him in his face with a taser. Mr. Charlton allegedly suffered "swollen black and blue eyes, scars on [his] face and hands, sprained right hand and leg, and severe fractured right ribs." Compl. at 6, ECF. No. 1 ("Compl."). The taser allegedly burned the skin on the right side of his face. Mr. Charlton also allegedly has been diagnosed with post-traumatic stress disorder ("PTSD") as a result of this incident.

## II.      STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based, and to demonstrate a plausible right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*,

2

470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

### III.   DISCUSSION

As a preliminary matter, Mr. Charlton has not identified the State Trooper who allegedly assaulted him because at the time of the filing of this Complaint he did not have his name. Now, however, he has that information. As another preliminary matter, the letter submitted with Mr. Charlton's Complaint is dated April 25, 2023, but the envelope is postmarked April 27, 2023. Although the statute of limitations is ordinarily an affirmative defense, an action may be dismissed *sua sponte* on statute of limitations grounds in certain circumstances, where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted. *Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where"the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." (internal citations and quotation marks omitted)). The limitations period for filing a § 1983 action in Connecticut is three years. *See Thompson v. Rovella*, 734 F. App'x 787, 788-89 (2d Cir. 2018).

While federal courts look to state law to determine the applicable limitations period, federal law controls when the cause of action accrues. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("While we have never stated so expressly, the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law."). Under federal law, a cause of action accrues—and the statute of limitations begins to run—"when the plaintiff can file suit and obtain relief." *Id.* (internal quotation marks and citation omitted). Thus, the Court must determine when Mr. Charlton possessed sufficient facts about the harm done to him that

reasonable inquiry would reveal the cause of action. *See United States v. Kubrick*, 444 U.S. 111, 122–24 (1979). The Court "should look to 'the time of the . . . act, not the point at which the *consequences* of the act become[] painful.'" *Coronado v. City of New York*, No. 11CV5188-LTS-HBP, 2014 WL 4746137, at *3 (S.D.N.Y. Sept. 24, 2014) (quoting *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994)). The incident underlying the Complaint occurred no later than January 22, 2020, and Mr. Charlton had to be immediately aware that excessive force had been used against him, given his alleged injuries. As the action occurred over three years before he filed the Complaint, Mr. Charlton's claim appears to be time-barred.

Federal courts, however, also refer to state law for tolling rules. *Wallace*, 549 U.S. at 394. And "'both statutory and common law rules' relating to tolling a statute of limitations apply to § 1983 causes of action." *Esposito v. Aldarondo*, No. 3:22-CV-00621-MPS, 2023 WL 2228412, at *3 (D. Conn. Feb. 24, 2023) (quoting *Pearl v. City of Long Beach*, 296 F.3d 76, 81 (2d Cir. 2002)). In *Esposito*, the court determined that Order 7G, an executive order issued by Governor Lamont, tolled the limitations period from March 19, 2020 to March 1, 2021, the period the order was in effect. *Id.* at *3–5 (collecting cases). Applying the applicable tolling allowed for the limitations period Mr. Charlton's Complaint is timely filed.

Mr. Charlton's claim of excessive force in the course of his arrest is cognizable under the Fourth Amendment. *See Jones v. Treubig*, 963 F.3d 214, 225 (2d Cir. 2020) (explaining that the use of significant force against an arrestee who is no longer resisting and poses no threat to the safety of officers or others is a Fourth Amendment violation (citing *Tracy v. Freshwater*, 623 F.3d 90, 98–99 (2d Cir. 2010))).

To prevail on his excessive force claim, Mr. Charlton must show that the amount of force used was objectively unreasonable either as to when or how the force was applied, and that, as a

result of the use of force, he suffered some compensable injury. *See Graham v. Connor*, 490 U.S. 386, 396 (1989). Whether a given quantum of force is excessive depends on "the facts and circumstances of each particular case." *Id.* The court considers "the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight" and needs to allow "for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* at 396–97. The force used must be more that *de minimis*. *See Durr v. Slator*, No. 5:20-CV-00662 (MAD/TWD), 2021 WL 3930704, at *4 (N.D.N.Y. Sept. 2, 2021) (citing *Feliciano v. Thomann*, 747 F. App'x 885, 887 (2d Cir. 2019)).

Mr. Charlton alleges that he was severely beaten and bruised while passing in and out of consciousness and that he was struck in the face with a taser. This is sufficient to plausibly allege that excessive force was used against him.

This case cannot proceed, however, until Mr. Charlton identifies Trooper Doe. As Mr. Charlton states that he has this information, he may file an Amended Complaint identifying Trooper Doe by his true name so that he may be properly served with the complaint. *See, e.g.*, *Hogan v. Fischer*, 738 F.3d 509, 517–20 (2d Cir. 2013) (describing rules for identifying Doe defendants and timeliness of doing so); *see also Williams v. Osborn Med. Dep't*, No. 3:20-CV-01474 (JAM), 2021 WL 151044, at *4 (D. Conn. Jan. 18, 2021) (affording plaintiff thirty days to file an amended complaint identifying Doe defendant).

**IV.    CONCLUSION**

Based on this initial review, Mr. Charlton's excessive force claim may proceed. Because, however, the Complaint fails to identify the Defendant, Trooper Doe, specifically, and Mr. Charlton now claims to have this person's identity, this case will only proceed if Mr. Charlton files an Amended Complaint, containing the name and current work address of Trooper Doe. The Amended Complaint will replace the current Complaint and, therefore, must include a description of the facts and all of Mr. Charlton's claims against Trooper Doe.

Mr. Charlton must file this Amended Complaint by **July 7**, **2023**, or this case may be dismissed.

The Clerk of Court is directed to send Mr. Charlton an Amended Complaint form with this Order.

**SO ORDERED** at Bridgeport, Connecticut, this 2nd day of June, 2023.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE